FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 03, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN SCOTT ADAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT JACKSON, C/O PIERSON, RS HIEDI GRIFFITH, RS MICHELLE GULLON, JASON MARTIN, ALFREDO LOMELI, JASON RICHER, ROBERTO MENDIOLA, CC3 CHRISTOPHER ALANIZ, SGT REHBURG, C/O TYLER JADIN, SGT BIDDESOMBE, C/O LINDA GOMEZ-SALAZAR, DHO REINO, DHO MORENO, SGT JOHN DOE #4, CHARLES ANDERSON, and MICHAEL HATHAWAY,<br><br>　　　　　Defendants. | NO:  4:24-CV-05041-RMP<br><br>ORDER DISMISSING ACTION AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT |

BEFORE THE COURT is Plaintiff's Third Amended Complaint, ECF No. 17. Plaintiff Ryan Scott Adams, a prisoner at the Washington State Penitentiary

ORDER DISMISSING ACTION AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT -- 1

("WSP"), is proceeding *pro se* and *in forma pauperis*. ECF No. 10. Defendants have not been served.

As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) *overruled in part by Lacey,* 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not replead). Plaintiff has made no allegation against Defendant CC3 Christopher Alaniz in the Third Amended Complaint.

Furthermore, Defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, Defendants Ronald Haynes and C/O John Doe (possibly Harrison) have been **TERMINATED** from this action and Defendants Sgt. Rehberg, C/O Tyler Jadin, Sgt. Biddiscombe, C/O Linda Gomez-Salazar, DHO Reino, DHO Moreno, Sgt. John Doe #4, Carles Anderson, and Michael Hathaway, were added.

Having liberally construed the Third Amended Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to cure the deficiencies of the prior complaints and has failed to state a claim upon which

ORDER DISMISSING ACTION AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT -- 2

relief may be granted. Therefore, for the reasons set forth below, the Court will dismiss this action.

## PLAINTIFF'S ALLEGATIONS

In "Count I," Plaintiff alleges that Defendants Robert Jackson, Alfredo Lomeli, Roberto Mendiola, and Michael Hathaway violated his due process rights under the Sixth Amendment. ECF No. 17 at 7. The Sixth Amendment, however, applies solely to criminal proceedings. *See United States v. Ward*, 448 U.S. 242, 248 (1980) ("the protections provided by the Sixth Amendment are available only in 'criminal prosecutions.'") Prison disciplinary proceedings are not "criminal prosecutions." *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Plaintiff has made no allegations concerning any criminal proceedings. Therefore, his Sixth Amendment claims are subject to dismissal for failure to state a claim.

Plaintiff asserts that he is "filing a PRP" accusing Defendants DHO[1]'s Moreno and Rieno of violating his due process rights, and Defendant Superintendent Jackson of failing to acknowledge the violations. ECF No. 17 at 8. Plaintiff's conclusory assertions of "many inconsistencies that have resulted in many, many abuses by staff," *id.* (as written in original)*,* are devoid of factual

---

[1] Presumably Disciplinary Hearing Officers or "Department Hearing Officers" as asserted by Plaintiff. ECF No. 17 at 14. .

allegations including dates and specific instances of due process violations and, therefore, do not state a claim upon which this Court can grant relief. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff asserts that he has suffered "prolonged IMU confinement & Denial of Law Library. Mental Anguish. Etc. . . I have attempted Suicide by hanging 6 times in 40 days, even been encouraged to do so. I tried on 7/4/24 to cut my wrist, I could not get past the tendons." *Id.* (as written in original). Plaintiff's described mental state is concerning and he is encouraged to seek mental health care. Nevertheless, he has failed to present facts from which the Court could infer that a person identified as a Defendant has denied him needed mental health treatment for expressed suicidal ideations.

Plaintiff accuses Defendant Michael Hathaway of violating his First and Sixth "due process" on seven occasions. ECF No. 17 at 9. He asserts that when he "sought further redress," Defendant Hathaway "merely looked at a check off box that C/O Morgan and others have check (or Drew A line threw the series). That's it." *Id.* (as written in original). The Court cannot infer from these vague assertions that Defendant Hathaway has violated Plaintiff's constitutionally protected rights.

Plaintiff states that during hearings he requested witnesses in "IGNs 12, 13, 14, 17, 19 & 20. Along with video for some that the DHO told me its not his job to get witnesses (I specifically requested 2–5)." ECF No. 17 at 9 (as written in original). Plaintiff does not identify this hearing officer or state the result of any

ORDER DISMISSING ACTION AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT -- 4

disciplinary hearings. From the facts presented, and for the reasons set forth below, the Court is unable to infer any due process violations.

In "Count II," Plaintiff claims that Defendants Hiedi Griffith, Michelle Gullon, Jason Richer, and Jason Martin violated his First Amendment right to seek redress. ECF No. 17 at 10. Plaintiff states that Defendants Griffith and Gullon "Never as of 8/20/24 saved my evidence as in video of Staff misconduct. Given this is my only way to hold staff accountable for abuses like denying me food (1 meal for 8 days) Denying me access to Legal calls or Phone use in general, along with Recreation." ECF No. 17 at 10 (as written in original). Again, Plaintiff provides no dates or any factual allegations supporting his conclusory assertions. He has failed to state a claim upon which this Court can grant him relief against Defendants Griffith and Gullon.

Plaintiff states, "Jason Richer has never made a comment on the Resolution Specialists refusal to gather any of my evidence for the 'Grievance'. Then Using the lack of evidence to then find <u>All</u> my resolutions/Grievances 'Unsubstantiated'. I can not see how this is legal. This would violate Brady." ECF No. 17 at 10 (as written in original). Plaintiff seems to complain that video evidence of staff misconduct is not preserved by those staff who are charged with resolving grievances while video evidence of his own misconduct has been used to infract him. *Id.* at 12.

ORDER DISMISSING ACTION AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT -- 5

The existence of an administrative remedy process does not create any substantive rights and mere dissatisfaction with the remedy process or its results cannot, without more, support a claim for relief for violation of a constitutional right. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The failure of prison officials to respond to or process a grievance does not violate the Constitution. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Baltoski v. Pretorius*, 291 F.Supp.2d 807, 811 (N.D. Ind. 2003) ("[t]he right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed any response, from state officials"). Therefore, Plaintiff's allegations against Defendants Jason Richer, Hiedi Griffith, Michelle Gullon, and Jason Martin, regarding his grievances fail to state a claim upon which relief may be granted.

In "Count III," Plaintiff claims that Defendants Mendiola, Rehberg, Pierson, Jadin, Gomez-Salazar, and Biddiscombe, as well as others who are not named as Defendants in the Third Amended Complaint,[2] violated his Eighth Amendment right to be free from cruel and unusual punishment. ECF No. 17 at 12. To establish an Eighth Amendment violation in a conditions of confinement or inadequate medical care case, the prisoner must show that the prison official acted

---

[2] Plaintiff also lists C/O Harrison and C/O Morgan, C/O Knauft, and C/O Ramos but he did not name these individuals as Defendants, ECF No. 17 at 5.

with deliberate indifference to plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Deliberate indifference exists when the prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id*. at 842.

Under the Eighth Amendment, the pertinent inquiry is (1) whether the alleged violation constitutes an infliction of pain or a deprivation of the basic human needs, such as adequate food, clothing, shelter, sanitation, and medical care, and (2) if so, whether prison officials acted with the requisite culpable intent such that the infliction of pain is "unnecessary and wanton." *Farmer,* 511 U.S. at 834. Prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. *Id*.; *Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991); *Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc).

The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Here, Plaintiff has presented no facts from which the Court could infer that an individual identified as a Defendant to this action was deliberately indifferent to Plaintiff's suffering.

Plaintiff lists his mental health diagnoses as of November 16, 2023, and

ORDER DISMISSING ACTION AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT -- 7

1    claims that various staff have intentionally "exasperated" his conditions of PTSD[3],

2    ADHD[4], Unspecified Depression, and Unspecified Mood Disorder. *Id.* Plaintiff

3    states that Defendant CUS Roberto Mendiola "kept [Plaintiff] on 4man escort for

4    an alleged staff assault," when Plaintiff claims "that video [to which CUS Roberto

5    Mendiola has access] proved [Plaintiff] did not assault any staff." ECF No. 17 at

6    13–14. Plaintiff states that he was "[h]umiliatingly forced to strip out" twenty-

7    seven times, and "often told to spread [his] buttocks then put [his] fingers in [his]

8    mouth in that order." *Id.* at 13. Plaintiff indicates that the four-man escort was for

9    "34 days," and the assault charge was "dismissed after 50 days." *Id.* at 14. He

10   states that he was "written up by C/O Jadin & C/O L. Gomez Salazar. CUS

11   Roberto Menidola claimed to have approved infraction." *Id.*

12       Plaintiff's description of a four-man escort and his humiliation at being strip

13   searched on numerous occasions do not rise to the level of an Eighth Amendment

14   violation as they do not support an inference of "the unnecessary and wanton

15   infliction of pain." *Somers v. Thurman,* 109 F.3d 614, 622–24 (9th Cir. 1997) *as*

16   *amended* (declaring a non-physical visual strip search of male inmate not

17   sufficiently harmful to violate the Eighth Amendment).

---

[3] Presumably Post Traumatic Stress Disorder.

[4] Presumably Attention Deficit Hyperactivity Disorder.

ORDER DISMISSING ACTION AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT -- 8

Plaintiff accuses Defendant Tyler Jadin of "slipping metal under [his] door to 'cut deep'." ECF No. 17 at 13. Plaintiff does not state when this occurred or the circumstances of this alleged assistance or encouragement to self-harm. Plaintiff also seems to accuse Defendant Tyler Jadin of falsely infracting Plaintiff for "staff assault" on unspecified dates. *Id.*

Plaintiff accuses Defendant Linda Gomez-Salazar of "making 100% false witness reports & 7x false Behavior Observation Entries, Destroying my property, throwing out Personal Religious books, calling me a bitch. Making altogether <u>keeping calm</u> all together impossible." ECF No. 17 at 13 (as written in original). Plaintiff does not state when these actions occurred or any facts from which the Court could infer a constitutional violation.

Allegations of verbal harassment and abuse simply fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard are not enough to implicate the Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986)("mere words, without more, do not invade a federally protected right"). While the Court in no way condones disrespectful speech, it does not rise to the level of a constitutional violation under the facts of this case.

ORDER DISMISSING ACTION AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT -- 9

1    To the extent that Plaintiff is asserting an alleged property loss, he does not
2    state a cognizable claim under Section 1983. A claim of the negligent or
3    intentional unauthorized deprivation of property by state officials does not state a
4    federal cause of action under Section 1983 if the plaintiff has an adequate post-
5    deprivation state remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v.*
6    *Taylor,* 451 U.S. 527, 544 (1981), overruled on other grounds by *Daniels v.*
7    *Williams*, 474 U.S. 327, 328 (1986) (holding that negligent loss of property is not
8    actionable under the Due Process Clause).

9    Washington law provides that prisoners, who believe that property of value
10    belonging to them has been lost or damaged due to staff negligence, may file a
11    claim pursuant to RCW 4.92.100. *See also* WAC 137-36-060. Because
12    Washington State provides Plaintiff an adequate post-deprivation state remedy,
13    there is no basis in law for a personal property claim under Section 1983. *See*
14    *Hudson,* 468 U.S. at 533.

15    Furthermore, a prisoner has no constitutionally guaranteed protection from
16    being wrongly accused of conduct; rather, he has a constitutional right not to be
17    deprived of a protected liberty interest without due process. *See e.g., Freeman v.*
18    *Rideout*, 808 F.2d 949, 951–52 (2d Cir. 1986). The Court must focus on the nature
19    of the deprivation imposed when determining whether a prisoner is entitled to
20    procedural due process protections. *Sandin v. Conner,* 515 U.S. 472, 493 (1995).
21    In other words, it is not the false accusation, but rather the punishment, that could

ORDER DISMISSING ACTION AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT -- 10

potentially rise to the level of a constitutional violation.

To invoke such protections a prison restraint must impose "atypical and significant hardship on the inmate in relation to his ordinary incidents of prison life." *Id.* at 483−84.  The Due Process Clause is not implicated by every change in the conditions of confinement, not even ones having a "substantial adverse impact" on the prisoners.  *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  Here, Plaintiff's bald assertion that "Due Process was grossly violated when staff would do false write up," presumably when he was issued several major infractions, fails to state a claim upon which relief may be granted under *Sandin,* particularly when Plaintiff does not state when these alleged due process violations occurred or what disciplinary sanctions were imposed.

Federal Rule of Civil Procedure 18(a) states that: "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing feesCfor the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

1  without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th

2  Cir.2007) (citing 28 U.S.C. ' 1915(g)); *see also* Fed.R.Civ.P. 20(a)(2) ("Persons . .

3  . may be joined in one action as defendants if . . . any right to relief is asserted

4  against them jointly, severally, or in the alternative with respect to or arising out of

5  the same transaction, occurrence, or series of transactions or occurrences . . . .")

6      To the extent Plaintiff is seeking to challenge conduct that has occurred after

7  he filed his initial complaint on April 19, 2024, conduct that is unrelated to the

8  allegations contained in the initial complaint, those allegations will be dismissed

9  without prejudice to Plaintiff properly filing a new and separate action, after he has

10  fully exhausted his claims.

11      Although granted the opportunity to do so, Plaintiff has failed to amend his

12  complaint to state a claim upon which relief may be granted. Therefore, **IT IS**

13  **ORDERED** that this action is **DISMISSED** in part for failure to state a claim

14  under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), and in part with leave to file

15  unrelated claims against newly named Defendants arising after April 19, 2024, in a

16  new and separate action.  Plaintiff should be mindful that any claims that were not

17  properly exhausted before the first time Plaintiff presents them to the court may be

18  subject to dismissal.  See 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d

19  1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934–35 (9th Cir. 2005).

20

21

Furthermore, Plaintiff's Request for Temporary Restraining Order, filed on September 27, 2024, **ECF No. 18**, in which he asks the Court to order his transfer to a different unit or different prison and to order that he be supplied with a Tablet and requested documents is **DENIED as moot.** *See also Olim v. Wakinekona*, 461 U.S. 238, 250 (1982) (a prisoner does not have a constitutional right to a particular prison placement).

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, enter judgment, forward copies to Plaintiff, and **CLOSE** the file. The Court certifies that an appeal of this Order could not be taken in good faith.

**DATED** October 3, 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER DISMISSING ACTION AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT -- 13